**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:25CV-P11-JHM**

**DEMETRIUS WARD, JR.**                                                **PLAINTIFF**

**v.**

**ART MAGLINGER** *et al.*                                          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Demetrius Ward, Jr., filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.

The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For

the reasons stated below, the Court will dismiss some claims and allow other claims to proceed.

## I.  SUMMARY OF ALLEGATIONS

Plaintiff is a pretrial detainee at Daviess County Detention Center (DCDC). He sues

DCDC Jailer Art Maglinger and "Building 1 unit manager (John Doe)" in their individual and

official capacities.

Plaintiff asserts that the "totality of the conditions @ the DCDC amount to an 8th and 14th

Amendment violation to my constitutional rights by the flagrant disregard shown by the

administration after repeated requests to change policies."  Plaintiff further states as follows:

> I/we are given outdoor recreation sometimes only once a month and indoor only
> once a week leading to depression and sickness. Our cell is overcrowded there are
> no boats and mats only have ½ their insides men sleep under and on the tables and
> next to urinals. For over 2 months I had to sleep on the floor next to a urinal on a
> mat with almost no insides. The overcrowding makes it hard to walk in the cell to
> get any exercise. I have been sick almost my whole time here. The air temperature
> is changed everyday going from freezing cold to hotter than Louisiana in the
> summertime. My body can't adjust keeping it in a constant state of shock.

> There are no medical call buttons in the cells for emergencies and we are punished
> if we hit the windows or doors to get the attention of the guards when someone is
> falling out or dying. Our TV & commissary has been taken away but there is no
> other ways to alert guards.

The food always comes with hair or bugs in it the trays are never washed and always have yesterdays meals on them.  State, federal, and county inmates are all housed together leading to an environment of rampant violence, especially over the limited bunks & phones.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief described as "call buttons, end overcrowding, fire John Doe, more food, kitchens inspected."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less

stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-capacity claims

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Maglinger and Doe are actually brought against their employer, Daviess County.

Neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). The Court will first assess whether Plaintiff's allegations state a claim for a constitutional violation.

### 1.  Conditions of confinement

The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees such as Plaintiff.  *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 315 (6th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398-402 (2015)).  Until recently, courts in the Sixth Circuit analyzed Eighth and Fourteenth Amendments claims under the same rubric. Under this rubric, a prisoner must satisfy a two-prong test by demonstrating that (1) the deprivation alleged is sufficiently serious (the objective prong); and (2) the official responsible for the deprivation exhibited deliberate indifference to the prisoner's health or safety (the subjective prong). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  However, in *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021), the Sixth Circuit interpreted the Supreme Court's decision in *Kingsle*y to require modification of the subjective prong for pretrial detainees.  *Id*. at 596.  Notably, *Brawner* left the objective prong "untouched."  *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022).  Therefore, the objective prong for both Eighth and Fourteenth Amendment conditions-of-confinement claims remains the same.

To satisfy the objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834.  Contemporary standards of decency determine whether conditions of confinement meet this standard.  *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  For the reasons stated below, the Court finds that Plaintiff's allegations with regard to his conditions of confinement fail to satisfy the objective

prong of this standard, with the exception of his allegations regarding the lack of opportunity for exercise and the air temperature in DCDC.

### a. Lack of exercise

Plaintiff alleges that inmates at DCDC only get outdoor recreation about once a month, indoor recreation once a week, and limited indoor exercise because the cells are overcrowded. Upon consideration, <u>the Court will allow this claim to proceed against Daviess County</u>.

### b. Air temperature

Plaintiff also alleges that the "air temperature is changed everyday going from freezing cold to hotter than Louisiana in the summertime" and that he has been "sick almost my whole time here" and "his body in a constant state of shock." Upon consideration, <u>the Court will allow this claim to proceed against Daviess County</u>.

### c. Overcrowding

The Court next addresses Plaintiff's allegation that DCDC is overcrowded and that he had to sleep on the floor on "a mat with almost no insides" for over two months. "[O]vercrowding is not, in itself, a constitutional violation," unless it results "in an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes*, 452 U.S. at 345-48)). Thus, only "extreme deprivations" can "support a prison-overcrowding claim." *Agramonte*, 491 F. App'x at 560 (internal quotation marks omitted). Plaintiff's allegation that he was forced to sleep on a mat on the floor for two months is not an "extreme deprivation." *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing inmates to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) (holding that allegation that inmate was required to sleep on the floor without a

mattress "falls far short of the 'extreme deprivation' required to satisfy the objective component" of a conditions-of-confinement claim); *Edwards v. Warren Cnty. Reg'l Jail*, No. 1:17-CV-P137-GNS, 2018 U.S. Dist. LEXIS 6355, at *9 (W.D. Ky. Jan. 16, 2018) (finding that "a prisoner has no right to sleep on an elevated bed").  Thus, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### d.  Lack of emergency call buttons

The Court next turns to Plaintiff's allegations that there are no "emergency call buttons" in the cell.  "[P]risoners have no freestanding constitutional right to an emergency call button in their cell." *Morris v. Jail*, No. 4:23-CV-0280-WMR-WEJ, 2024 U.S. Dist. LEXIS 71050, at *5 (N.D. Ga. Apr. 18, 2024); *see also Parsons v. Wilkinson,* 168 F.3d 490 (6th Cir. 1998) (unpublished table decision) (finding the plaintiff failed to demonstrate that the absence of an emergency call button in his cell subjected him to a serious deprivation of life's necessities); *Smith v. Holder*, No. 1:17-cv-0117 SRC, 2020 U.S. Dist. LEXIS 183, at *29 (E.D. Mo. Jan. 2, 2020) ("Courts that have addressed the absence of call buttons in cells have uniformly found that it does not constitute a violation of the Eighth or Fourteenth Amendments."); *Garner v. City of Phila.*, No. 11-cv-5960, 2013 U.S. Dist. LEXIS 116062, at *16 (E.D. Pa. Aug. 16, 2013) ("Although panic buttons may offer inmates additional safety and protection, we cannot find that active panic buttons constitute a 'minimal civilized measure of life's necessities[.]'"); *Torres v. Wright*, No. 3:17-cv-01919 JAM, 2018 U.S. Dist. LEXIS 35843, at *10-11 (D. Conn. Mar. 6, 2018) ("Prisoners do not have an Eighth Amendment right to a cell equipped with an emergency call button.").  Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### e. Allegation regarding food

Plaintiff also makes a one-sentence allegation that, "The food always comes with hair or bugs in it the trays are never washed and always have yesterdays meals on them." The Eighth Amendment requires an inmate's food to be adequate to meet an inmate's essential nutritional needs. *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977); *see also Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006). Courts have consistently held that isolated incidents of foreign bodies, even rodents and insects, in the food served to prisoners does not meet the objective standard for stating a conditions of confinement claim. *Tucker v. Rose*, 955 F. Supp. 810, 815 (6th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97 (1974)); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.") (citations omitted). While Plaintiff appears to allege more than an isolated incident of contamination, the Court still finds that the allegation does not state an "extreme deprivation" to meet the objective standard for stating a conditions of confinement claim, particularly considering that Plaintiff does not allege that the food served did not meet his nutritional needs. *See Peterson v. Gregg Cnty. Sheriff Off.*, No. 6:23CV437, 2024 U.S. Dist. LEXIS 34307, at *1-2, 9 (E.D. Tex. Jan. 8, 2024) (finding on initial review that an inmate's general allegations of undercooked food and "black mold, bugs and etc." were "insufficient to establish that he is not receiving enough edible food to maintain his health"), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 33644 (E.D. Tex. Feb. 27, 2024); *Kinner v. Moore*, No. 15-2105-JDT, 2016 U.S. Dist. LEXIS 47657, at *7, 26-27 (W.D. Tenn. Apr. 8, 2016) (finding that inmate's allegations that "trays are dirty, food products are expired and outdated, meats and other food products are raw or undercooked, the food is cold and inedible, and the portions are inadequate" did not meet the

objective standard); *Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974) ("The only contention concerning food which is detailed at all, is the inmates' complaint that their food frequently contains insects. Nevertheless, occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion."). Accordingly, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### f. Allegation regarding housing of state, county, and federal inmates together

Plaintiff also makes a one-sentence allegation that, "State, federal, and county inmates are all housed together leading to an environment of rampant violence, especially over the limited bunks & phones." There is no constitutional requirement that state, federal, and county inmates be housed separately. *See, e.g.*, *Brandon v. Harmon*, No. 1:20CV-P199-GNS, 2021 U.S. Dist. LEXIS 77934, at *4-5 (W.D. Ky. Apr. 22, 2021) ("An inmate does not enjoy a constitutional right to be housed in any particular facility or a particular part of a facility."). Moreover, while Plaintiff states that this has led to "rampant violence," the allegation is entirely conclusory, and he does not allege that he himself has been harmed. Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

## B. Individual-Capacity Claims

Turning to Plaintiff's individual-capacity claims, the complaint sets forth no allegations against either Defendant Maglinger or Doe. The Court construes the complaint as seeking to hold them liable in their supervisory roles at DCDC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*,

Case 4:25-cv-00011-JHM   Document 6   Filed 05/29/25   Page 9 of 10 PageID #: 51

199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  Indeed, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted).

Because the complaint contains no allegations against either Defendant Maglinger or Doe, the Court will also dismiss the individual-capacity claims against them for failure to state a claim upon which relief may be granted.

**IV.**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Fourteenth Amendment conditions-of-confinement claims based upon overcrowding, lack of emergency call buttons, allegations regarding his food, and allegations regarding the housing of state, county, and federal inmates together, as well as his individual-capacity claims against Defendants Maglinger and Doe are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no individual-capacity claims remain against them and the official-capacity claims against them are actually against Daviess County, as explained above, the **Clerk of Court** is **DIRECTED** to **terminate Defendants Maglinger and Doe as parties to this action and to add Daviess County as the sole Defendant.**

The Court will enter a separate Service and Scheduling Order to govern the development of the claim the Court has allowed to proceed – Fourteenth Amendment claims against Daviess County based on alleged lack of indoor and outdoor exercise and the air temperature.  In allowing

9

these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

Date:    May 28, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Daviess County Judge Executive
       Daviess County Attorney
4414.010